# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| T. K. BENSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 17-CV-0499-CVE-FHM |
| ) | |
| JANET DOWLING, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On August 30, 2017, petitioner T. K. Benson, a pro se prisoner who is incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. # 1). He paid the $5.00 filing fee on September 18, 2017 (Dkt. # 5).[1]

Petitioner presents one ground for relief. He requests that his federal sentence entered in N.D. Okla. Case No. 03-CR-090-TCK be modified to run concurrently with his state sentence which was entered in Tulsa County District Court Case No. CF-2003-3195:

> On May 8, 2003, I was sentenced to 36 mths in Federal prison. Near[ly] a year later the State of Oklahoma sentenced me, March 25, 2004, to 18 yrs at 85%. [M]y Fed. Sentence should have started to run prior to my state conviction. However, I am requesting this Court order my fed. sentence to run concurrent with my state sentence, or I be credited with service of the sentence from the time of my federal conviction and the sentence be deemed completed since I should have started service of my federal sentence before I began my state time. Why I did not is a question I cannot answer, however, it seems that I was supposed to start service of time on the sentence I was first convicted of. My federal indictment states I was convicted of my crime [of] knowingly possessing a firearm on May 8, 2003, and my state judgment and sentence states I was convicted of robbery March 25, 2004. [I]t is obvious my

---

[1] This is petitioner's second habeas corpus petition in this Court challenging the execution of his federal sentence. See Benson v. Allbaugh, No. 16-CV-452-JED-FHM (N.D. Okla. Aug. 9, 2016) (dismissing action without prejudice for lack of jurisdiction).

> fed sentence began with the feds near[ly] a year prior to my state conviction. Meaning my fed. Sentence was already running and should have been discharged by now. [B]ut, I'm told it will not start until after I finish my state time. I believe this to be a violation of criminal procedures. Holding a sentence in reserve until after a sentence received after completed, or run concurrent with my state sentence. [E]ither way the federal sentence would be finished, as it should have been.

(Dkt. # 1 at 7-8).

## Discussion

A review of the records for petitioner's state and federal convictions indicates the alleged factual basis of this claim is erroneous. The docket sheet for Tulsa County District Court Case No. CF-2003-3195, viewed at www.oscn.net, confirms petitioner's allegation that on March 25, 2004, he was sentenced to eighteen (18) years in custody of the Oklahoma Department of Corrections.

The record for N.D. Okla. Case No. 03-CR-090-TCK, however, refutes petitioner's allegation that he was sentenced in federal court on May 8, 2003.[2] The record shows the indictment in N.D. Okla. Case No. 03-CR-090-TCK was filed on July 16, 2003. Id. (Dkt. # 1). On July 14, 2004, after petitioner was convicted and sentenced in state court, he entered a plea of guilty in federal court. Id., (Dkt. # 11). On October 13, 2004, the Court sentenced petitioner. Id., (Dkt. # 16). The judgment, entered October 21, 2004, reflected petitioner's sentence of thirty-eight (38) months' imprisonment in the custody of the United States Bureau of Prisons. Id., (Dkt. # 17). The judgment specifically provided that "[t]his sentence is to run consecutively to the eighteen (18) year term of imprisonment imposed in Tulsa County District Court Case Number CF-2003-3195." Id. at 2. Petitioner did not appeal his federal conviction and sentence, nor has he sought relief under

---

[2] According to the indictment in N.D. Okla. Case No. 03-CR-090-TCK (Dkt. # 1), May 8, 2003, was the date of the incident giving rise to the charge filed in that case. It was not the date of petitioner's federal sentencing.

28 U.S.C. § 2255. Therefore, the Court finds petitioner's claim that his federal sentence should be served concurrently with his state sentence, because the federal sentence was entered first, lacks a basis in fact and is without merit.

The Court further finds that any constitutional challenge to the administration of petitioner's sentences based on his claim that the state and federal sentences should be served concurrently is clearly barred by the one-year statute of limitations applicable to habeas corpus petitions and § 2255 motions. See 28 U.S.C. §§ 2244(d), 2255(f). The one-year limitation period also applies to § 2241 habeas corpus actions. Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).

The one-year statute of limitations began to run on petitioner's claim from the later of (1) the date when petitioner could have discovered through the exercise of due diligence that his sentences were to be served consecutively, or (2) the date on which the judgment became final. See 28 U.S.C. §§ 2244(d)(1), 2255(f). Petitioner could have discovered that his sentences were to be served consecutively when the judgment in the federal case was entered on October 21, 2004. That judgment became final fourteen (14) days later on November 4, 2004, which was the date his opportunity to file a notice of appeal expired. See Fed. R. App. P. 4(b)(1)(A). This habeas corpus action filed in 2017 clearly is time barred.

Because the factual basis of petitioner's claim is erroneous, and the claim is barred by the statute of limitations, the Court finds this petition must be **dismissed with prejudice**.

### Certificate of Appealability

Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), the Court may issue a

certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing in the record suggests that the Court's determination of petitioner's habeas corpus claim is incorrect or debatable among jurists of reason. Therefore, a certificate of appealability shall be **denied**.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

2. Petitioner is **denied** a certificate of appealability.

3. This is a final Order terminating this action.

**DATED** this 13th day of December, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4